# Exhibit 1 to Notice of Removal.

(Copy of Complaint filed in the State court)

E-FILED; Kent Circuit Court
Docket: 5/25/2025 7:35 AM; Submission: 5/25/2025 7:35 AM
Envelope: 21347697

**IN THE CIRCUIT COURT FOR KENT COUNTY, MARYLAND**

CIVIL ACTION NO. C-14-CV-25-000151

A.B.,[1]

Plaintiff,

-vs-

YMCA CAMP TOCKWOGH,
Serve: 24370 Still Pond Neck Road
Worton, MD 21678

YMCA of DELAWARE a/k/a YOUNG MEN'S CHRISTIAN ASSOCIATION OF DELAWARE,
Serve: 100 West 10th Street, Suite 1100
Wilmington, DE 19801

and YMCA OF THE USA a/k/a NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE UNITED STATES OF AMERICA ("YMCA USA"),
Serve: 101 N. Wacker Drive
Chicago, IL 60606

Defendants.
----------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff A.B., by and through his attorneys, Herman Law and Janel, Janet & Suggs, LLC, brings this action against YMCA CAMP TOCKWOGH, YMCA of DELAWARE a/k/a YOUNG MEN'S CHRISTIAN ASSOCIATION OF DELAWARE ("YMCA of DELAWARE"), and YMCA OF THE USA a/k/a NATIONAL COUNCIL OF YOUNG CHRISTIAN ASSOCIATION OF THE UNITED STATES OF AMERICA ("YMCA USA")

**PRELIMINARY STATEMENT**

1. This action is filed pursuant to Maryland's Child Victims Act ("CVA"), Md. Code, Cts. & Jud. Proc. § 5-117. Plaintiff, when he was a minor, was sexually abused by a male individual, name unknown to Plaintiff, a staff member and counselor at Defendant YMCA CAMP TOCKWOGH.

---

[1] A.B.'s full name and address will be identified to the Defendants with Summons and Complaint served on the Defendants. A pseudonym is being used to protect the Plaintiff, who is a victim of sexual child abuse, from additional damages he is likely to suffer from his name being identified in the public record.

2. This action alleges physical, psychological, and emotional injuries suffered as a result of conduct constituting sexual abuse as defined in Md. Code, Cts. & Jud. Proc. § 5-117(a).

3. Due to Defendants' negligence in supervising Plaintiff and their staff member-counselor, Plaintiff suffered physical, emotional, and psychological trauma, leading to significant anguish and distress that he will be forced to live with for the rest of his life.

**PARTIES**

4. Plaintiff is sui juris and is a resident of Pennsylvania. Plaintiff files this pleading under a pseudonym pursuant to Md. Code, Cts. & Jud. Proc. § 3-8A- 27, which protects from disclosure court and law enforcement records pertaining to children. Plaintiff cannot be forced to waive this confidentiality as a condition to bringing his claims. Moreover, revealing his identity as a survivor of childhood sexual abuse would subject Plaintiff and his family to compounded humiliation, embarrassment, and emotional distress. A.B.'s full name and address will be identified with the Summons and Complaint served on each of the Defendants.

5. Defendant YMCA CAMP TOCKWOGH is a local chapter of the YMCA of Delaware, a regional organization, and the YMCA USA, a national organization, which provides after-school programs for children located at 24370 Still Pond Neck Rd., Worton, Maryland, 21678. YMCA CAMP TOCKWOGH (hereinafter "CAMP TOCKWOGH") is incorporated in Maryland.

6. Defendant YMCA of DELAWARE is a non-profit organization domiciled in Wilmington, Delaware. It has its principal office at 100 W 10th St., Ste 1100, Wilmington, DE 19801. It does business in Maryland through the local YMCA chapters it owns, controls, operates and directs, including CAMP TOCKWOGH. It is a youth-serving organization that undertakes the supervision, care and protection of children.

7. Defendant YMCA USA is a national non-profit organization domiciled in Chicago, Illinois. It has its principal office at 101 North Wacker Drive, Chicago, Illinois, 60606. It does business in Maryland through the local YMCA chapters it owns, controls, operates and directs, including CAMP TOCKWOGH. It is a youth-serving organization that undertakes the supervision, care and protection of children.

**JURISDICTION AND VENUE**

7. Venue in this Court is proper pursuant to Md. Code, Cts. & Jud. Proc. § 6-201(a), in that Defendants "carr[y] on regular business" in Kent County. Defendant CAMP TOCKWOGH is located at 24370 Still Pond Neck Rd., Worton, Maryland, 21678, within Kent County. The sexual abuse giving rise to this claim occurred in Kent County.

8. The amount in controversy for Plaintiff's claim far exceeds the jurisdictional minimum of $30,000.

## SEXUAL ABUSE AT CAMP TOCKWOGH

9. At all times relevant to the wrongful conduct complained of herein, Plaintiff was a child camper at CAMP TOCKWOGH under the supervision of Defendants and/or their agents/officers. At CAMP TOCKWOGH, Defendants were responsible for Plaintiff's safety.

10. At all times relevant and material hereto, defendants YMCA of Delaware and YMCA of the USA, as principals, and defendant CAMP TOCKWOGH, as agent, were in an agency relationship, such that CAMP TOCKWOGH acted on YMCA of Delaware and YMCA of the USA's behalf, in accordance with the YMCA of Delaware and YMCA of the USA's instructions and directions on all matters, including those relating to staffing and volunteers. The acts and omissions of CAMP TOCKWOGH were subject to the YMCA of Delaware and YMCA of the USA's plenary control, and CAMP TOCKWOGH consented to act subject to YMCA of Delaware and YMCA of the USA's control.

11. At all times relevant and material hereto, CAMP TOCKWOGH as a youth-serving facility and Plaintiff as a child camper-participant were in a special relationship in which CAMP TOCKWOGH owed Plaintiff a duty of reasonable care to protect Plaintiff from foreseeable harm.

12. The sexual conduct complained of herein lacked consent in that Plaintiff did not have the capacity to consent by virtue of being, at all relevant times, a minor. Moreover, the sexual conduct complained of herein was accomplished using forcible compulsion, undue influence, duress, coercion, intimidation, and/or threat of physical harm and retaliation.

13. Each event complained of by Plaintiff herein caused a distinct injury and is pled as a separate incident or occurrence.

14. In approximately 2014, when Plaintiff was approximately 13 years old, he attended CAMP TOCKWOGH.

15. Plaintiff met the perpetrator, a CAMP TOCKWOGH counselor, while he was a camper at CAMP TOCKWOGH.

16. One day, when Plaintiff was leaving his cabin to use the restroom at CAMP TOCKWOGH, he found a staff member to accompany him per the CAMP TOCKWOGH policy. The bathrooms were outside of the cabins in bathhouses. There were no restrooms available inside the campers' cabins.

17. The perpetrator-counselor, whose name is unknown to Plaintiff, led Plaintiff to a bathroom and joined Plaintiff in the stall. The perpetrator-counselor removed Plaintiff's pants and underwear and masturbated the Plaintiff's penis while the perpetrator counselor masturbated his own penis. The perpetrator-counselor threatened harm to Plaintiff if he told anyone about the sexual abuse.

18. The perpetrator-counselor openly and notoriously led Plaintiff inside the bathroom on camp grounds and sexually abused him as defined in Md. Ct.s & Jud. Proc. § 5-117(a), including but not limited to masturbating and fondling Plaintiff's genitals.

19. At all times relevant hereto, Defendants knew, or should have known, that their staff member would sexually abuse Plaintiff and/or posed a risk to sexually abuse children at CAMP TOCKWOGH.

20. At all times relevant and material hereto, CAMP TOCKWOGH and the unknown perpetrator counselor were in a special relationship of employer-employee or principal-agent, in which CAMP TOCKWOGH owed a duty to control the acts and conduct of the perpetrator-counselor to prevent foreseeable harm.

21. At the time of the above-described sexual abuse, CAMP TOCKWOGH was not being adequately managed, supervised, monitored, or controlled by Defendants. Defendants had a duty to exercise reasonable care in the training of administration and staff in the prevention of sexual abuse and protection of the safety of children in their care. Upon information and belief, Defendants' failure to supervise, discipline, remove, and/or otherwise investigate the staff members/employees of CAMP TOCKWOGH in response to actual or constructive notice of abuse enabled the above-described sexual assault of Plaintiff.

22. Defendants had a duty to establish and implement policies and procedures in the exercise of reasonable care for the prevention of sexual abuse and protection of the safety of the children in its care.

23. At the time of the above-described sexual abuse, Plaintiff was not being adequately supervised, monitored, or controlled by Defendants while a camper at CAMP TOCKWOGH.

24. At all times relevant hereto, Defendants were acting by and through their employees, servants, and agents, with respect to the supervision of CAMP TOCKWOGH. Defendants are liable vicariously and derivatively for the negligent acts and omissions of their employees, servants, and agents engaged in the management and operation of CAMP TOCKWOGH.

25. Defendants owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was under the care, custody, on the premises of CAMP TOCKWOGH, or in the presence of its agent counselor. Defendants' duties encompassed using reasonable care in the retention, supervision and hiring of the perpetrator counselor and the duty to otherwise provide a safe environment for Plaintiff.

26. At the time of the above-described sexual abuse, the perpetrator counselor was not being adequately supervised, monitored, or controlled by Defendants. Upon information and belief, Defendants' failure to supervise, discipline, remove, and/or otherwise investigate the perpetrator counselor directly enabled the above-described sexual abuse.

27. It is believed and therefore averred that employees, agents, directors, supervisors, and other individuals at CAMP TOCKWOGH knew and/or should have known that the perpetrator-counselor was engaging in sexual acts with children, including Plaintiff, at CAMP TOCKWOGH.

28. As a direct and proximate result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, loss of sleep, nightmares, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and has incurred and/or will incur expenses for medical and psychological treatment, therapy and counseling.

29. As a direct and proximate result of the sexual abuse by the perpetrator counselor, Plaintiff suffered physical and emotional injuries, as more fully set forth herein. As a result of the abuse by the perpetrator counselor, Plaintiff was severely physically, mentally, psychologically, and emotionally damaged. Plaintiff sustained severe psychological and emotional distress, which Plaintiff continues to suffer from to this day. Since the abuse, Plaintiff has struggled with symptoms of post-traumatic stress disorder.

30. All of the above physical, psychological, and emotional injuries were proximately caused by the negligence, carelessness, recklessness, and other tortious and outrageous acts or omissions of Defendants as set forth in this Complaint. Plaintiff's injuries were caused solely by the negligence of Defendants as set forth more fully herein and were not caused or contributed thereto by any negligence on the part of Plaintiff.

## NOTICE – FORESEEABILITY

31. At all relevant times, the Defendants knew or in the exercise of reasonable care should have known that Plaintiff not safe and that it was foreseeable Plaintiff would be sexually assaulted or abused at CAMP TOCKWOGH.

32. Defendants' agent, the perpetrator-counselor, had a propensity for the conduct which caused injury to Plaintiff, particularly a propensity to engage in the sexual abuse of children.

33. At all relevant times, it was reasonably foreseeable to the Defendants that the perpetrator-counselor would commit acts of child sexual abuse or assault on a child.

34. At all relevant times, the Defendants knew or should have known that the perpetrator-counselor was unfit, dangerous, and a threat to the health, safety and welfare of the minors entrusted to their care.

35. With such actual or constructive knowledge, the Defendants provided the perpetrator-counselor with unsupervised and unfettered access to Plaintiff and gave the perpetrator-counselor the opportunity to commit foreseeable acts of child sexual abuse or assault.

36. Upon information and belief, at all relevant times, Defendants YMCA of Delaware and YMCA of the USA were aware of a systemic and widespread problem of child sexual abuse in its local chapters, camps and other facilities.

## JOINT AND SEVERAL LIABILITY

37. Plaintiff pleads joint and several liability pursuant to Md. Code, Cts. & Jud. Proc.§ 3-1403 such that Defendants and any future parties joined to this action are liable for the full amount of any judgment or verdict entered herein.

## CAUSES OF ACTION
## COUNT I: NEGLIGENCE AGAINST DEFENDANTS

38. Plaintiff re-alleges and incorporates by reference each and every previous allegation above as if fully stated in this Count.

39. At all relevant times, Defendants owed a duty to maintain a safe environment for the children at CAMP TOCKWOGH, including Plaintiff.

40. At all relevant times, Defendants had a duty to protect and safeguard Plaintiff from hurt, harm, and danger while he was under their supervision.

41. At all relevant times, Defendants occupied a position of *in loco parentis* to Plaintiff, and were under a duty to protect him, and to provide him with safety and supervision akin to that which would have been provided between parent and child.

42. At all relevant times, Defendants had a duty to ensure that their employees and agents were safe to be given access to children, and were properly supervising children in their custody and care to protect them from foreseeable harm.

43. Defendants knew, had reason to know, or were otherwise on notice of the unlawful conduct of the perpetrator-counselor, and failed to protect the safety of children in their care, including Plaintiff.

44. Defendants knew, had knowledge, or had reasonable suspicion of harmful acts being committed on campers and other youth being served by Defendants, and negligently, recklessly and/or intentionally violated their statutory duty to report such abuse as required by Maryland's child abuse and neglect laws, including without limitation, Md. Code Ann., Family Law § 5-701, *et. seq.*

45. The Defendants breached their duties to Plaintiff to use reasonable care to protect him from the foreseeable risk of sexual abuse.

46. Defendants' negligent, reckless and/or intentional failure to report the perpetrator-counselor's harmful and/or suspicious acts allowed the sexual abuse of Plaintiff to

continue, resulting in ongoing harm to Plaintiff and the injuries and damages described in this Complaint.

47. The Defendants failed to use ordinary care in determining whether the children in their care were safe and/or determining whether they had sufficient information to represent their programs as safe. The Defendants' breach of their duties include, but are not limited to:

(i) failing to protect Plaintiff from sexual abuse, sexual assault and lewd and lascivious acts;
(ii) failing to adequately, properly and completely investigate whether Plaintiff was safe and free from maltreatment;
(iii) failing to adequately, properly and completely investigate the acts and conduct of Plaintiff's abuser, the perpetrator-counselor;
(iv) failing to implement and enforce policies and procedures that were adequate to protect the health, safety and welfare of CAMP TOCKWOGH children and protect them from sexual abuse;
(v) failing to adequately hire and train employees and agents;
(vi) failing to report the ongoing sexual abuse being committed by the perpetrator counselor despite Defendants' constructive and/or actual notice of same;
(vii) concealing their knowledge that the perpetrator counselor was unsafe and posed a risk of child sexual abuse; and
(viii) failing to report the sexual abuse of Plaintiff and/or other child residents to law enforcement.

48. Such failure on part of Defendants was reckless, intentional, knowing, grossly negligent, deliberately and recklessly indifferent, outrageous, malicious and/or was a reckless and conscious disregard for the safety of Plaintiff.

49. Defendants' failures to report pursuant to their legal obligation under Maryland's Child Abuse and Neglect Laws Md. Code Ann., Family Law § 5-701, et. seq. proximately caused the harm to Plaintiff and the injuries and damages described above.

50. The Defendants' actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child in the custody and care of Defendants, overseen by poorly trained, insufficiently supervised, and inadequately vetted officers and supervisory staff, Plaintiff was a foreseeable victim.

51. At all relevant times, the Defendants' acts and omissions were negligent, willful, wanton, malicious, reckless, grossly negligent, and outrageous in their utter disregard for Plaintiff's rights and safety.

52. WHEREFORE, Plaintiff requests judgment against Defendants for compensatory damages, together with interest, costs, attorneys' fees, and any other relief deemed appropriate by the Court and allowable under the law.

## COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION AGAINST DEFENDANTS

53. Plaintiff re-alleges and incorporates by reference each and every previous allegation above as if fully stated in this Count.

54. Defendants were at all relevant times responsible for the safety of the children at CAMP TOCKWOGH. Defendants were at all relevant times responsible for hiring, training, supervision, and retention policies necessary to ensure the safety of the CAMP TOCKWOGH children. This duty is non-delegable and Defendants are vicariously liable for the acts and omissions of their employees and agents.

55. At all relevant times, the perpetrator-counselor was an employee and/or agent of the Defendants.

56. The perpetrator-counselor and the Defendants (or Defendants' agents) were in an employment and/or agency relationship. As an employee and/or agent of the Defendants, The perpetrator-counselor was under the supervision, management, agency, and control of the Defendants and/or their agent(s) at all relevant times. The perpetrator-counselor engaged in the wrongful conduct complained of herein while acting in the course and scope of his employment with the Defendants and/or accomplished the sexual abuse by virtue of this job-created authority.

57. At all relevant times, the Defendants had a duty, arising from their employment or agency relationship with the perpetrator-counselor, to ensure that the perpetrator counselor did not sexually abuse children in their care.

58. At all relevant times, the Defendants had a duty to train and supervise their employees and agents to prevent the abuse of children their care. Further, at all relevant times, Defendants had a duty to investigate inappropriate or suspicious behavior by their employees or agents, and to discipline them appropriately, including by terminating their employment or affiliation with the Defendants.

59. The Defendants were negligent in their hiring, training, and supervision of the perpetrator counselor in that they knew, or should have known, through the exercise of ordinary care, that the perpetrator counselor would subject children to an unreasonable risk of harm, including that arising from the propensity of the perpetrator counselor to sexually abuse children in their charge.

60. The perpetrator counselor was given regular, direct, ongoing, unsupervised and unfettered access to Plaintiff, when the Defendants knew or should have known that he presented an unreasonable risk of harm to Plaintiff.

61. The Defendants breached their duties to Plaintiff by actively maintaining and employing the perpetrator counselor in a position of power and authority over CAMP TOCKWOGH children, including Plaintiff.

62. The Defendants were negligent in their retention of the perpetrator counselor in that they knew, or should have known, through the exercise of ordinary care, that the conduct of the perpetrator counselor subjected children to an unreasonable risk of harm, including the perpetrator counselor's sexual abuse of children.

63. In failing to timely remove the perpetrator counselor from working with children or supervising children, the Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances, which resulted in Plaintiff's injuries alleged in this action.

64. Additionally, the Defendants owed a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address sexual abuse of children.

65. The Defendants were negligent in the training and instruction of their agents and employees. The Defendants failed to timely and properly educate and train, supervise, and/or monitor their agents or employees with regard to mandated policies and procedures when sexual abuse of a child is suspected or observed.

66. In negligently hiring, training, supervising, and retaining the perpetrator counselor, and employees/agents charged with Plaintiff's safety, and in failing to establish such training procedures for employees and administrators, the Defendants failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances.

67. It was reasonably foreseeable to the Defendants that their failure to exercise reasonable care would result in sexual abuse of children in their care, including Plaintiff.

68. Plaintiff would not have suffered the foreseeable harm complained of herein but for the Defendants' negligent hiring, training, supervision, and retention of the perpetrator counselor and the negligent training and instruction of their other agents and employees.

69. At all relevant times, the Defendants' actions were negligent, willful, wanton, malicious, reckless, grossly negligent, and outrageous in their disregard for Plaintiff's rights and safety.

70.

71. WHEREFORE, Plaintiff requests judgment against Defendants for compensatory damages, together with interest, costs, attorneys' fees, and any other relief deemed appropriate by the Court and allowable under the law.

## COUNT III: GROSS NEGLIGENCE

72. Plaintiff re-alleges and incorporates by reference each and every previous allegation above as if fully stated in this Count.

73. Defendants maintained at all times a manifest duty to hire and retain safe, qualified employees and staff, to supervise them properly, and to terminate any employee or staff member who posed a danger to or sexually abused a youth in their care.

74. Defendants intentionally failed to act on reports of inappropriate and suspicious behavior of the perpetrator counselor.

75. Defendants were consciously indifferent to abuse by agents and/or staff members, including without limitation, the perpetrator-counselor, and they enabled such abuse to occur on their premises with impunity.

76. That failure was in reckless disregard of the grave consequences to Plaintiff, which damaged him in body, mind, and in his abilities to thrive and enjoy a normal life, as set forth above.

77. As such, Defendants were grossly negligent in failing to perform their common law, statutorily mandated, nondelegable and/or assumed duties to protect Plaintiff and other youth from sexual abuse.

78. WHEREFORE, Plaintiff requests judgment against Defendants for compensatory damages, together with interest, costs, attorneys' fees, and any other relief deemed appropriate by the Court and allowable under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, by reason of the foregoing, Plaintiff hereby prays for judgment against the Defendants, jointly and severally, for compensatory damages for all present, past, and future suffering and damages; together with interest, costs, and expenses; attorneys' fees; punitive damages against Defendants; and all such further and additional relief as the Court deems just, fair, and appropriate under the circumstances and allowable under the law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury pursuant to Rule 2-325.

Date: May 25, 2025

Respectfully submitted,

Andrew S. Janet, Esq. (#1812110188)
JANET, JANET & SUGGS, LLC
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
Tel: (410) 653-3200
Fax: (410) 653-9030
asjanet@jjsjustice.com

And

HERMAN LAW
475 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: 212-390-0100
maryland.seiden@hermanlaw.com

*Attorneys for Plaintiff*